UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JAMES ADISON HOLMES, | § | |
| | § | |
| Petitioner, | § | |
| VS. | § | CIVIL ACTION NO. G-12-166 |
| | § | |
| RICK THALER, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM AND ORDER

Before the Court is the application of James Adison Holmes (TDCJ #1562500) for the issuance of a writ of habeas corpus. The petitioner challenges disciplinary case no. 20120091777, in which he was found guilty of assault on an officer with no injury. Punishment for the offense included 45 days restriction of commissary and recreation privileges and a reduction in time-earning class level. Having reviewed the petitioner's application, the Court concludes that the application must be dismissed with prejudice for failure to state a claim for which federal relief is available.

State prisoners seeking federal court review of a conviction pursuant to 28 U.S.C. § 2254 must assert a violation of a federal constitutional right. *Lawrence v. Lensing,* 42 F.3d 255, 258 (5th Cir. 1994); *Gray v. Lynn*, 6 F.3d 265, 268 (5th Cir. 1993). In the context of disciplinary proceedings a prisoner's rights, if any, are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution. *See Wolff v. McDonell*, 418 U.S. 539, 557 (1974). Institutional rules violations implicate the Due Process Clause only when the disciplinary action may result in a sanction that will

infringe upon a constitutionally protected liberty interest. *See Sandin v. Conner*, 515 U.S. 472 (1995). Liberty interests emanate from either the Due Process Clause or from state law. *See Kentucky Dept. of Corrections v. Thompson*, 490 U.S. 454, 460 (1989). The Due Process Clause does not grant a constitutional right to conditional release before the expiration of a valid sentence. *See Greenholtz v. Inmates of the Neb. Penal & Correctional Complex*, 442 U.S. 1, 7 (1979). Likewise, the Due Process Clause does not guarantee an inmate good-time credit for satisfactory behavior while in prison. *Wolff*, 418 U.S. at 557; *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

In determining whether state law gives rise to a liberty interest, the Supreme Court has decided that only those state-created substantive interests that "inevitably affect the duration of [a prisoner's] sentence" may qualify for constitutional protection under the Due Process Clause. *Sandin*, 515 U.S. at 487; *Orellana v. Kyle*, 65 F.3d 29, 31-32 (5th Cir. 1995), *cert. denied*, 516 U.S. 1059 (1996). In Texas, it is well established that only those inmates who are eligible for mandatory supervision have a constitutional expectancy of early release under the Texas mandatory supervision scheme and a protected liberty interest in the good-time credits that they have earned. *Malchi v. Thaler*, 21 F.3d 953, 956 (5th Cir. 2000); *see also Teague v. Quarterman*, 482 F.3d 769 (5th Cir. 2007).

The sanctions imposed in this case do not implicate the petitioner's constitutional rights because the petitioner lost no good-time days. A loss of good-time days, which may affect a prisoner's eligibility for early release from prison, constitutes a potential challenge to the fact and duration of confinement and is properly considered in a habeas

attack. *See* TEX.CODE. CRIM. P. ANN. art. 42.18 §8 (Vernon 1996); *Cook v. Texas Dept. of Criminal Justice Transitional Planning Dept.*, 37 F.3d 166, 168 (5th Cir. 1994). In this case, however, the petitioner suffered only a temporary loss of privileges which merely constitutes minimal and temporary changes in conditions of confinement and does not, therefore, implicate the protections afforded by the Due Process Clause. *See Madison*, 104 F.3d at 767-68. A claim regarding a change in custodial classification also fails to qualify for habeas relief because the loss of "the mere opportunity to earn good-time credits" does not constitute a constitutionally cognizable liberty interest sufficient to "trigger the protection of the Due Process Clause." *Luken v. Scott*, 71 F.3d 192, 193 (1995), *cert. denied*, 517 U.S. 1196 (1996).

     To the extent the petitioner's claims are interpreted to assert that the challenged disciplinary proceeding will adversely affect his eligibility for parole, he still has not stated a claim that invokes due process. While procedures relative to parole may affect his duration of confinement, it is well settled that the Texas parole statutes do not confer a liberty interest. "It follows that because [the petitioner] has no liberty interest in obtaining parole in Texas, he cannot complain of the constitutionality of procedural devices attendant to parole decisions." *Orellana,* 65 F.3d at 32. Therefore, to whatever extent the challenged disciplinary proceedings affect the petitioner's eligibility for parole, his due process rights have not been violated. The petitioner has failed to state a claim that is cognizable under federal habeas review.

For the aforementioned reasons, the application for writ of habeas corpus is **DENIED** and this case is **DISMISSED** with prejudice for failure to state a claim upon which federal habeas relief is available.

## CERTIFICATE OF APPEALABILITY

Under the AEDPA, a petitioner must obtain a certificate of appealability before he can appeal the district court's decision to dismiss his petition. This court will grant a COA only if the petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In order to make a substantial showing, a petitioner must demonstrate that issues are debatable among jurists of reason; that a court could resolve the issues in a different manner; or that the questions are adequate to deserve encouragement to proceed further. *Lucas v. Johnson*, 132 F.3d 1069, 1073 (5th Cir. 1998). For the reasons stated in this Memorandum and Order, Holmes has not made a substantial showing of the denial of a constitutional right. *Newby v. Johnson*, 81 F.3d 567, 569 (5th Cir. 1996). The Court will deny the issuance of a Certificate of Appealability.

All pending motions, if any, are **DENIED.**

It is so **ORDERED.**

SIGNED this 13th day of July, 2012.

_____
Gregg Costa
United States District Judge